**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 12-45 |
| | ) | |
| CARL R. STITT, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Pretrial Motions (Doc. 20) will be granted in part and denied in part, as described below.

### Defendant's Motion To Suppress Evidence Found During Vehicle Search

Defendant's federal charges stem from the recovery of a firearm during a police search of a vehicle he was operating shortly before his arrest on December 31, 2011. *See generally* Def.'s Mot. (Doc. 20) at ¶¶ 1, 7. According to Defendant, the firearm was found in a blue canvas bag located in the right passenger side of the vehicle. *Id.* at ¶ 7. Defendant seeks, under the Fourth Amendment, to suppress evidence discovered during the search. The Government has presented evidence that Defendant was not the owner of the vehicle,[1] and Defendant has offered nothing to rebut this evidence.

Defendant bears the burden of establishing standing to raise a Fourth Amendment challenge. U.S. v. Venson, 2009 WL 1565736, *5 (W.D. Pa. Jun. 3, 2009) (citations omitted). Here, the standing inquiry focuses on whether Defendant-driver had a reasonable expectation of privacy regarding a vehicle owned by another, and the Court must conduct a "fact-bound inquiry

---

[1] *See* Ex. 1 to Govt.'s Opp'n Br. (Doc. 21-1) at pg. 6 of 7.

assessing the strength of the driver's interest in the car and the nature of his control over it." *See* U.S. v. Kennedy, 638 F.3d 159, 162 (3d Cir. 2011) (some internal quotations omitted), *cert. denied*, -- U.S. --, 132 S. Ct. 997 (2012); *see also* U.S. v. Pete, 2010 WL 887364, *6 (W.D. Pa. Mar. 10, 2010) (defendant who did not own or lease vehicle, but instead was one-time borrower, failed to establish standing), *aff'd*, 2012 WL 689924 (3d Cir. Mar. 5, 2012).

In this case, Defendant has offered no explanation regarding how he came into possession of the vehicle, which, according to Defendant's evidence, was registered in the name of another individual. Nor has he introduced evidence regarding the "strength of [his] interest in the car [or] the nature of his control over it." *See* discussion *supra*. Defendant has not established Fourth Amendment standing regarding the vehicle.[2]

To the extent that Defendant challenges the search of the blue canvas bag found in the vehicle, specifically, he likewise has failed to demonstrate standing. A non-owner driver's lack of standing regarding a vehicle search is not necessarily dispositive of whether he has standing to challenge a search of his personal belongings contained therein. *See* U.S. v. Worthon, 520 F.3d 1173, 1182-83 (10th Cir. 2008) (recognizing same, citation omitted). To have standing, though, the defendant-driver still must establish: (1) that he manifested a subjective expectation of privacy under the circumstances, and (2) that society would recognize that expectation as objectively reasonable. *Id.* at 1182 (citation to quoted source omitted); *see id.* at 1183 (driver did not have legitimate expectation of privacy in duffel bags contained in vehicle because he was "not in lawful possession or custody of the vehicle"); *see also, e.g.*, U.S. v. Smith, 621 F.2d 483, 486-87 (2d Cir. 1980) (non-owner driver had no legitimate expectation of privacy in contents of

---

[2] According to the Government's brief, the owner of the vehicle has testified that Defendant "took [it] without the owner's knowledge or permission." *See* Doc. 21 at 2-3. Although assertions in briefs are not evidence, it is Defendant's burden to establish standing, not the Government's burden to prove its absence.

vehicle's trunk because "he had no driver's license and the car was registered in another[ person's] name").

Given the dearth of evidence regarding how Defendant came into possession of the vehicle, the strength of his interest in it, if any, and the nature of his control over it, Defendant has not established standing to challenge the search of the canvas bag contained therein.[3] For all of these reasons, Defendant's request for suppression is DENIED.

**Defendant's Motion(s) for Discovery**

A.      *Grand July Testimony (Doc. 20 at ¶ 13)*

Defendant's request for grand jury transcripts is DENIED.  Defendant has failed to overcome the presumption of secrecy established in Federal Rule of Criminal Procedure 6(e)(2).

B.      *Surveillance Tapes (Doc. 20 at ¶ 14)*

As of the time of the Government's response, it was not aware, or in the possession, of surveillance tapes.  The Government has agreed to investigate this matter and produce any responsive materials "as soon as practicable."  *See* Doc. 22 at 8.  Such a production would appear consistent with Criminal Rule 16(a)(1)(E), and the Government shall produce any responsive materials **within seven days of this Order**.  *Cf.* L.Cr.R. 16.B.

---

[3] The Court also would note that, although Defendant "maintains that he had an expectation of privacy in the contents of the blue canvas bag," nowhere in his Motion does he expressly claim ownership of the bag or its contents.  *See* Def.'s Mot. at ¶ 9.

C.    *Written Policy Regarding Police Inventory Procedures (Doc. 20 at ¶ 15)*

The Government has agreed to investigate regarding the existence of a written policy

regarding inventorying procedures, and it shall produce any responsive materials under the same

conditions described in Section "B," above.

D.    *Request for Written Report Regarding Police Officers' Qualifications and*
       *Training (Doc. 20 at ¶ 15)*

Defendant's request for written report(s) regarding the police officers involved in the

search is DENIED.  Criminal Rule 16(a)(1)(G) contemplates the preparation of written reports

only in connection with experts, and, otherwise, Defendant has failed to identify legal authority

in support of his request.

**Conclusion**

Consistent with the analyses above, Defendant's Pretrial Motions (Doc. 20) are granted in

part and denied in part.

IT IS SO ORDERED.


June 27, 2012                                          s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record