IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 12-45 |
| | ) | |
| CARL R. STITT, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

# ORDER

Defendant's Motion (Doc. 109) to reopen under Rule 60(b) will be dismissed as a second or successive § 2255 petition.

The present Motion seeks to revisit the Court's enforcement of the collateral-attack waiver in Defendant's plea agreement. This issue was addressed in Defendant's original 2255 Petition, and the Court ruled against him. *See* Doc. 89. Defendant sought a certificate of appealability from the Court of Appeals of the Third Circuit, which was denied. *See* Doc. 96 ("reasonable jurists would [not] debate the District Court's decision to enforce [Defendant's] knowing and intelligent waiver of his right to seek collateral review under 28 U.S.C. § 2255").

Defendant's various and sundry filings and arguments notwithstanding, Rule 60(b) is <u>not</u> a proper vehicle to revisit previously-decided unfavorable rulings. <u>U.S. v. Medina</u>, 2006 WL 3511754, *5 (E.D. Pa. Dec. 5, 2006) ("if the defendant seeks to relitigate issues already decided by the district court on habeas, . . . the Rule 60(b) motion constitutes a successive habeas petition") (*citing* <u>Pridgen v. Shannon</u>, 380 F.3d 721, 727 (3d Cir. 2004)); *accord* <u>Williams v. U.S.</u>, 2018 WL 3093438, *3 (M.D. Pa. June 22, 2018) ("[a] Rule 60(b) motion . . . may not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant") (citation to quoted source omitted);

U.S. v. Fausnaught, 2018 WL 1911247, *3 (M.D. Pa. Apr. 20, 2018) ("A Rule 60(b) motion may not be used as a second bite at the apple.") (citation to quoted source omitted).

Having determined that Defendant's Motion is a second or successive habeas petition, the Court may either dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Because Defendant already has fully-litigated the waiver issue − and because nothing in his Motion comes close to satisfying the substantive requirements under 28 U.S.C. § 2244(b)(2) − transferring the petition would not be in the interests of justice.

Accordingly, Defendant's Rule 60(b) Motion (**Doc. 109**) is **DISMISSED**. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. *See* Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.


July 29, 2019                           s\Cathy Bissoon
                                        Cathy Bissoon
                                        United States District Judge


cc (via First-Class U.S. Mail):

Carl R. Stitt
USMS 07951068
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV  26525


cc (via ECF email notification):

All Counsel of Record